1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207
3  cvandenbosch@sheppardmullin.com
   GAZAL POUR-MOEZZI, Cal. Bar No. 285932
4  gpour-moezzi@sheppardmullin.com
   650 Town Center Drive, 4th Floor
5  Costa Mesa, California 92626-1993
   Telephone:  714.513.5100
6  Facsimile:   714.513.5130

7  Attorneys for Plaintiff
   VERIFY, INC., a California corporation
8

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11

| 12  VERIFY, INC., a California corporation, | Case No. 8:15-cv-391 |
|---|---|
| 13          Plaintiff, | **COMPLAINT FOR:** |
| 14      v. | **1. TRADEMARK INFRINGEMENT [15 U.S.C. § 1114(1)];** |
| 15  VERIFY HOLDINGS, LLC dba Verify Corporation and Verify Brand, a Delaware limited liability company, | **2. UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];** |
| 16 | |
| 17          Defendant. | **3. CYBERSQUATTING [15 U.S.C. § 1125(d)];** |
| 18 | **4. TRADEMARK INFRINGEMENT [California Common Law];** |
| 19 | |
| 20 | **5. UNFAIR COMPETITION [Cal. Bus. & Prof. Code §§ 17200 *et seq.*];** |
| 21 | |
| 22 | **6. UNFAIR COMPETITION [California Common Law];** |
| 23 | |
| 24 | **7. CANCELLATION OF FEDERAL TRADEMARK REGISTRATION [15 U.S.C. §§ 1064 and 1119]; and** |
| 25 | |
| 26 | **DEMAND FOR JURY TRIAL** |

27

28

-1-

Verify, Inc. ("Verify") for its Complaint against Verify Holdings, LLC dba Verify Corporation and Verify Brand ("Defendant"), alleges as follows:

## THE PARTIES

1.      Verify is a California corporation with its principal place of business at 2525 Main Street, Suite 100 Irvine, California 92614.

2.      On information and belief, Defendant is a limited liability company doing business as "Verify Corporation" and "Verify Brand," with a principal place of business at 7277 Boone Avenue North, Minneapolis, Minnesota 55428.

## NATURE AND STATUTORY BASIS OF THE ACTION

3.      This action seeks remedy for federal trademark infringement, unfair competition and false designation of origin, and cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*; trademark infringement in violation of California common law; and unfair competition under California statutory and common law, and also seeks cancellation of a federal trademark registration under the Lanham Act, 15 U.S.C. §§ 1064 and 1119.

## JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Defendant because, on information and belief: (i) Defendant does business and/or actively solicits business in California; (ii) Defendant has continuous and ongoing business contacts with residents of California; (iii) Defendant has intentionally engaged in acts targeted at California that has caused harm within California; and/or (iv) Defendant has purposely availed itself of the privilege of conducting business in California.  On information and belief, Defendant actively solicits and conducts business in California.  For example, on information and belief, Defendant regularly attends conferences and trade shows in California where Defendant networks and promotes its supply chain management and related services under the infringing VERIFY trademark, including without limitation, the following conferences:  QCon San Francisco in November 2014 and San Diego's DMA Annual Conference in October

1  2014.  Additionally, on information and belief, Defendant actively solicits and does

2  business with California companies, including, for example, California

3  pharmaceutical manufacturers, as evidenced by Defendant's December 4, 2012

4  business presentation to the California Board of Pharmacy.

5       5.     This Court has subject-matter jurisdiction over this action pursuant to

6  15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) as part of this action is based on the

7  federal Lanham Act.  This Court has supplemental jurisdiction over Verify's

8  California statutory and common law claims pursuant to 28 U.S.C. § 1367(a) in that

9  those claims arise out of a common nucleus of operative facts as the Lanham Act

10  claims, and the Court's exercise of jurisdiction over the state law claims will

11  promote judicial economy, convenience, and fairness to the parties.

12       6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391

13  (b) and (c) in that, on information and belief, Defendant conducts business in this

14  district, and a substantial part of the acts or omissions giving rise to the claims

15  asserted herein occurred and/or had effects in this district.

16                         **FACTUAL BACKGROUND**

17  **A.     Verify's History, Business and Valuable Intellectual Property**

18       7.     Verify is a well-known worldwide provider of supply chain

19  performance management products and services, and it offers these products and

20  services under its federally registered trademark **VERIFY**®.

21       8.     Verify has commercially used the distinctive **VERIFY**® mark in

22  connection with supply chain management products and services, as well as other

23  related professional products and services, for over thirty (30) years, since at least

24  1983 (the "Mark").

25       9.     The **VERIFY**® mark is strong and distinctive when used in connection

26  with supply chain management products and services.  The Mark uniquely

27  distinguishes Verify's goods and services from those offered by its competitors.

28

10.     As a company that depends upon both the quality of its products and services, and the reliability of its brand, Verify has spent substantial sums securing and protecting its intellectual property interests in the **VERIFY**® mark.

11.     Among other efforts, Verify has obtained two federal trademark registrations to protect the value of its Mark in connection with supply chain management services.  *See* U.S. Reg. Nos. 4,209,905 and 4,221,570 (the "**VERIFY**® Registrations").

12.     The **VERIFY**® Registrations constitute prima facie evidence that the **VERIFY**® mark is valid and that Verify is entitled to the exclusive use of the Mark in commerce throughout the United States on the goods and services listed on the registrations, including without limitation, supply chain management services.

13.     Since its first use of the mark over thirty years ago, Verify has spent substantial sums to advertise and promote the **VERIFY**® mark.  For instance, Verify prominently displays the Mark and provides information about its popular **VERIFY**® products and services on the Internet via its website located at *www.vscnet.com*.

14.     Over the years, Verify has expended substantial amounts of time, effort and money to ensure that the relevant public associates the **VERIFY**® mark with its goods and services.  As a result of this time, effort and money invested, Verify and the **VERIFY**® mark have achieved a reputation for excellence in the quality critical and supply chain industries.

15.     Verify enjoys substantial demand and goodwill for its products and services marketed under the **VERIFY**® mark, and the  **VERIFY**® mark has enjoyed widespread success.  Accordingly, the Mark is a significant asset of Verify's business.

16.     By virtue of the substantial sales of products and services under the **VERIFY**® mark over the last thirty years, and relatedly, the sums spent to promote the **VERIFY**® mark, the Mark has also acquired secondary meaning in the minds of

-4-

the relevant public.  The relevant public has come to exclusively associate the **VERIFY**® mark with supply chain management products and services that originate from Verify.

**B.     Defendant's Business and Unlawful Conduct**

17.     On information and belief, Defendant is a competitor of Verify and advertises, markets and sells supply chain management products and services under a trademark that is identical to Verify's Mark, namely, **VERIFY** (the "Infringing Mark").

18.     On information and belief, Defendant began using the Infringing Mark in connection with its products and services well after Verify's first use of the Mark for competing products and services.

19.     Defendant also purports to own several federal trademark applications and registrations for the Infringing Mark.  On information and belief, in September 2013, Defendant filed two federal applications for the Infringing Mark, including Serial No. 86/075,794 for the trademark **VERIFY CORPORATION** and Serial No. 86/075,785 for the trademark **VERIFY ENGAGE** (the "Infringing Applications").  In addition, Defendant owns a federal trademark registration (Reg. No. 4,130,552) for the mark **VERIFY BRAND** (the "Infringing Registration").

20.     On information and belief, Defendant also owns and/or operates several domain names which make unauthorized use of the **VERIFY**® Mark, including *verifycorporation.com*, *verifybrand.com*, and *verifyengage.com* (the "Infringing Domain Names").  The Infringing Domain Names were registered by or on behalf of Defendant on or around September 2013, October 2003, and May 2013, respectively, and, again, well after Verify's first use of the **VERIFY**® mark.  On information and belief, Defendant has control of the Infringing Domain Names, including the ability to transfer the domain names, and Defendant is actively using the Infringing Domain Names in connection with its websites to promote the infringing **VERIFY** goods and services.

-5-

21.     On information and belief, Defendant uses the Infringing Domain Names with an intent to trade on the goodwill of Verify's well-known **VERIFY**® mark, as Defendant's use of the Infringing Domain Names increases the likelihood that consumers who search on the Internet to find **VERIFY**® products and services will instead find Defendant's Infringing Domain Names, and thus, Defendant's competing supply chain management products and services.

22.     On information and belief, Defendant advertises and promotes its competing **VERIFY** products and services through a variety of marketing channels that overlap with Verify's marketing channels, including without limitation on the Internet via Defendant's websites.

23.     Defendant has never been authorized by Verify to use the **VERIFY**® mark or any variations thereof, including **VERIFY CORPORATION**, **VERIFY BRAND**, and **VERIFY ENGAGE**, and has never been granted authority to assert or suggest any affiliation with or endorsement by Verify.  Verify has never cooperated with Defendant in any manner, and in particular, has never worked with Defendant in connection with supply chain management products and services.

24.     On information and belief, Defendant willfully adopted the Infringing Mark with an intent to trade on the substantial goodwill and demand associated with Verify and its well-known **VERIFY**® mark.  On information and belief, Defendant had knowledge of Verify's Mark when it chose an identical name for its competing supply chain management products and services.

25.     On information and belief, as a result of Defendant's use of an identical mark for competing supply chain management products and services, consumers who encounter the Infringing Mark are likely to be confused as to the source of Defendant's products and services, or as to their connection to or affiliation with Verify and its similar products and services offered under the **VERIFY**® mark.

26.     On November 11, 2014, Verify sent a letter to Defendant alerting Defendant of Verify's trademark rights, and of its violations of the Lanham Act as a

-6-

1  result of its adoption and use of the identical Infringing Mark.  Verify demanded
2  that Defendant immediately cease and desist from further use of the Infringing
3  Mark, including by ceasing use of the Infringing Domain Names.

4       27.    As of the filing of this Complaint, Defendant has not ceased use of the
5  Infringing Mark, the Infringing Domain Names, nor has Defendant abandoned the
6  Infringing Applications or Registration.

7  **FIRST CLAIM FOR RELIEF**

8  **Trademark Infringement**

9  **[Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)]**

10       28.    Verify incorporates by reference the factual allegations set forth above.

11       29.    Verify owns the federally registered **VERIFY**® mark.  The **VERIFY**®
12  mark is strong and distinctive and designates Verify as the source of all products and
13  services advertised, marketed, sold or used in connection with the Mark.

14       30.    Verify is the senior user of the **VERIFY**® mark as it began use of the
15  Mark in interstate commerce prior to Defendant's first use of its confusing similar
16  (i.e., identical) Infringing Mark.

17       31.    On information and belief, Defendant was aware of the **VERIFY**®
18  mark prior to adopting and/or using the Infringing Mark for its competing products
19  and services.  Thus, Defendant's unauthorized use of the Infringing Mark was and is
20  knowing, intentional and willful.

21       32.    On information and belief, through its use of the confusingly similar
22  **VERIFY** mark, Defendant intended to, and did in fact, confuse and mislead
23  consumers into believing that Verify somehow authorized, sponsored, approved,
24  licensed or participated in Defendant's use of the Infringing Mark.

25       33.    In fact, there is no formal connection or association between Verify and
26  Defendant.  Further, Defendant does not have authorization, license or permission
27  from Verify to advertise, market or sell its products or services under the **VERIFY**
28  mark, which is used on products and in connection with services that are identical

-7-

and/or substantially similar to the products and/or services with which Verify's Mark has come to be associated.

34.     On information and belief, Defendant's use of the Infringing Mark will likely cause confusion as to the origin and authenticity of Defendant's products and services, and will likely cause others to believe that there is a relationship between Verify and Defendant.

35.     As a direct and proximate result of Defendant's wrongful conduct, Verify has been and will continue to be damaged.

36.     Defendant's actions thus constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

37.     Verify has no adequate remedy at law.  Unless Defendant is preliminarily and permanently enjoined from committing the unlawful acts alleged herein, including the unauthorized use in commerce of the Infringing Mark, Verify will continue to suffer irreparable harm.  Accordingly, Verify is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts of trademark infringement in violation of the Lanham Act.

38.     Pursuant to 15 U.S.C. § 1117(a), Verify is also entitled to recover damages it has sustained and will sustain as a result of Defendant's wrongful conduct, and the gains, profits and advantages that Defendant has obtained as a result of its wrongful conduct.  At present, Verify is unable to ascertain the full extent of its damages, or the gains, profits and advantages that Defendant has obtained by reason of its wrongful conduct described herein.

39.     Defendant's conduct was intentional and, Verify is therefore entitled to an award of treble damages against Defendant pursuant to 15 U.S.C. § 1117(a).

40.     Defendant's willful acts make this an exceptional case under 15 U.S.C. § 1117(a), and thus, Verify is entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Unfair Competition and False Designation of Origin

### [Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)]

41.    Verify incorporates by reference the factual allegations set forth above.

42.    Verify owns the federally registered **VERIFY**® mark.  The **VERIFY**® mark is strong and distinctive and designates Verify as the source of all products and services advertised, marketed, sold or used in connection with the Mark.

43.    Verify is the senior user of the **VERIFY**® mark as it began use of the Mark in interstate commerce prior to Defendant's first use of the Infringing Mark.

44.    On information and belief, Defendant was aware of the **VERIFY**® mark prior to adopting and/or using the Infringing Mark for its competing products and services.  Thus, Defendant's unauthorized use of the Infringing Mark was and is knowing, intentional and willful.

45.    On information and belief, through its use of the confusingly similar **VERIFY** mark, Defendant intended to, and did in fact, confuse and mislead consumers into believing, and misrepresented and created the false impression that Verify somehow authorized, sponsored, approved, licensed or participated in Defendant's use of the confusingly similar Infringing Mark.

46.    In fact, there is no formal connection or association between Verify and Defendant, nor has Verify authorized, licensed or given permission to Defendant to use the **VERIFY**® mark or Infringing Mark in any manner.

47.    On information and belief, Defendant's use of the Infringing Mark will likely cause confusion as to the origin and authenticity of Defendant's products and services, and will likely cause others to believe that there is a relationship between Verify and Defendant.

48.    As a direct and proximate result of Defendant's wrongful conduct, Verify has been and will continue to be damaged.

49.    Defendant's actions thus constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

50.    Verify has no adequate remedy at law.  Unless Defendant is preliminarily and permanently enjoined from committing the unlawful acts alleged herein, including the unauthorized use in commerce of the **VERIFY** mark, Verify will continue to suffer irreparable harm.  Accordingly, Verify is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts of trademark infringement in violation of the Lanham Act.

51.    Pursuant to 15 U.S.C. § 1117(a), Verify is also entitled to recover damages it has sustained and will sustain as a result of Defendant's wrongful conduct, and the gains, profits and advantages that Defendant has obtained as a result of its wrongful conduct.  At present, Verify is unable to ascertain the full extent of its damages, or the gains, profits and advantages that Defendant has obtained by reason of its wrongful conduct described herein.

52.    Defendant's conduct was intentional and, Verify is therefore entitled to an award of treble damages against Defendant pursuant to 15 U.S.C. § 1117(a).

53.    Defendant's willful acts make this an exceptional case under 15 U.S.C. § 1117(a), and thus, Verify is entitled to an award of attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

### Cybersquatting

### [Section 43 of the Lanham Act, 15 U.S.C. § 1125(d)]

54.    Verify incorporates by reference the factual allegations set forth above.

55.    As alleged above, Defendant has registered the domain names *verifycorporation.com*, *verifybrand.com*, and *verifyengage.com* without Verify's authorization and with a bad faith intent to profit from Verify's **VERIFY**® mark. The domain names *verifycorporation.com*, *verifybrand.com*, and *verifyengage.com*

-10-

are confusingly similar to the **VERIFY**® mark and damage the distinctive quality of the **VERIFY**® mark.

56.    Verify's **VERIFY**® mark was distinctive at the time Defendant registered the domain names and remains distinctive today.

57.    On information and belief, Defendant registered the Infringing Domain Names with the knowledge that it was confusingly similar to Verify's **VERIFY**® mark.  Defendant has continued to use and/or maintains the domain registrations for the Infringing Domain Names even after Verify sent Defendant a letter regarding Verify's senior trademark rights.

58.    Defendant's adoption and use of domain names that are confusingly similar to Verify's Mark, notwithstanding its knowledge of Verify's rights, in order to promote and sell competing products and services, demonstrates Defendant's bad faith intent to profit from the **VERIFY**® mark.

59.    As a direct and proximate result of Defendant's acts alleged herein, Verify has been and continues to be injured in its business and property, and has sustained and will continue to sustain substantial damage to its business, goodwill and reputation in an amount not presently known.

60.    Verify is entitled to the maximum statutory damages, pursuant to 15 U.S.C. § 1117(d), in the amount of $100,000, for each act of Defendant's cybersquatting.

61.    Verify has no adequate remedy at law.  Unless Defendant is preliminarily and permanently enjoined from committing these unlawful acts as set forth above, and the Infringing Domain Names registered by Defendant are ordered transferred to Verify, Verify will continue to suffer irreparable harm.  Verify is therefore entitled to injunctive relief against the continued use of the Infringing Domain Names.

SMRH:436331798.1                                                                 COMPLAINT

1    62.    Verify is entitled to the transfer of Defendant's domain names

2  *verifycorporation.com*, *verifybrand.com*, and *verifyengage.com*  under 15 U.S.C. §

3  1125(d)(1)(C).

4                    **FOURTH CLAIM FOR RELIEF**

5                       **Trademark Infringement**

6                       **[California Common Law]**

7    63.    Verify incorporates by reference the factual allegations set forth above.

8    64.    Verify has valid and protectable common law rights in the **VERIFY**®

9  mark.

10    65.    Verify is the senior user of the **VERIFY**® mark.

11    66.    Defendant's use of the confusingly similar **VERIFY** mark in

12  connection with competing products and services is likely to cause confusion as to

13  the origin of Defendant's products and services, and/or as to Verify's association

14  with them.

15    67.    Defendant's actions alleged herein constitute common law

16  infringement of the **VERIFY**® mark.

17    68.    On information and belief, Defendant's infringement of Verify's rights

18  is and has always been willful.

19    69.    Defendant's wrongful acts have permitted and will continue to permit

20  Defendant to receive substantial profits based upon the strength of Verify's

21  reputation and the substantial goodwill built up in the **VERIFY**® mark.

22    70.    As a result of Defendant's infringing actions, Verify has been and will

23  continue to be irreparably harmed.

24    71.    Verify has no adequate remedy at law.  Unless Defendant is

25  preliminarily and permanently enjoined from committing the unlawful acts

26  described herein, including without limitation, use of the **VERIFY** mark, Verify

27  will continue to suffer irreparable harm.  Thus, Verify is entitled to an injunction

28  restraining Defendant, its officers, agents and employees, and all persons acting in

1  concert with them, from engaging in any further such acts of trademark

2  infringement in violation of California common law.

### FIFTH CLAIM FOR RELIEF

### Unfair Competition

### [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]

6      72.    Verify incorporates by reference the factual allegations set forth above.

7      73.    On information and belief, Defendant's unlawful conduct set forth

8  herein has had a substantial effect on commerce, and constitutes unlawful, unfair,

9  and fraudulent business practices in violation of Section 17200, *et seq.*, of the

10  California Business and Professions Code.

11      74.    On information and belief, Defendant willfully intended to trade on the

12  strength, reputation and goodwill of the **VERIFY**® mark, to mislead the public with

13  wrongful use of the Infringing Mark, and to cause injury to Verify.

14      75.    As a direct and proximate result of Defendant's unlawful acts, Verify

15  has suffered and will continue to suffer injury to its business, goodwill and property.

16      76.    Verify has no adequate remedy at law.  Unless Defendant is

17  preliminarily and permanently enjoined from committing the unlawful acts

18  described herein, Verify will continue to suffer irreparable harm.  Verify is thus

19  entitled, pursuant to California Business and Professions Code §§ 17203 and  17535,

20  to an injunction restraining Defendant, its officers, agents and employees, and all

21  persons acting in concert with them, from engaging in any further such acts of unfair

22  competition, as well as to restitution and disgorgement of Defendant's profits.

### SIXTH CLAIM FOR RELIEF

### Unfair Competition

### [California Common Law]

26      77.    Verify incorporates by reference the factual allegations set forth above.

27      78.    By engaging in the wrongful conduct described herein, Defendant

28  willfully intended to trade on the strength and reputation of Verify and/or the

1  **VERIFY**® mark, to cause injury to Verify, and to pass off its goods and services as

2  those of Verify.

3       79.    Defendant's wrongful use of the Infringing Mark in connection with

4  supply chain management services and related professional services is likely to

5  cause confusion, mistake and deception as to the affiliation, connection and

6  association of Defendant with Verify and/or as to the origin, sponsorship and

7  approval of Defendant's products sold and services offered under the Infringing

8  Mark.

9       80.    As a direct and proximate result of Defendant's unlawful acts, Verify

10  has suffered and will continue to suffer injury.

11       81.    Verify has no adequate remedy at law.  Unless Defendant is

12  preliminarily and permanently enjoined from committing the unlawful acts

13  described herein, Verify will continue to suffer irreparable harm.  Thus, Verify is

14  entitled to an injunction restraining Defendant, its officers, agents and employees,

15  and all persons acting in concert with them, from engaging in any further such acts

16  of unfair competition in violation of California common law.

17       82.    As a result of Defendant's acts described herein, Defendant has been

18  unjustly enriched at Verify's expense and Verify has suffered a competitive injury

19  and damages in an amount to be proven at trial.

20       83.    On information and belief, Defendant acted with oppression, fraud,

21  malice and willfully intended to trade on the strength, reputation and goodwill

22  associated with the **VERIFY**® mark, to mislead the purchasing public, and to cause

23  injury to Verify; thus, Verify is entitled to punitive damages.

24  <u>**SEVENTH CLAIM FOR RELIEF**</u>

25  **Cancellation of Federal Trademark Registration No. 4,130,552**

26  **[15 U.S.C. §§ 1064 and 1119]**

27       84.    Verify incorporates by reference the factual allegations set forth above.

28

-14-

85.     Verify owns the federally registered **VERIFY**® mark.  The **VERIFY**® mark is strong and distinctive and designates Verify as the source of all products and services advertised, marketed, sold or used in connection with the Mark.

86.     Verify is the senior user of the **VERIFY**® mark as it began use of the Mark in interstate commerce prior to Defendant's first use of the Infringing Mark and colorable imitations thereto, including Defendant's VERIFY BRAND mark, which is the subject of federal trademark Registration No. 4,130,552.

87.     As set forth above, Defendant's use of Infringing Mark, including use of the federally registered mark VERIFY BRAND creates a likelihood of confusion with the senior **VERIFY**® mark.  As a result, Verify has been and continues to be harmed by Defendant's VERIFY BRAND trademark registration.

88.     Accordingly, Defendant's U.S. Registration No. 4,130,552 for the VERIFY BRAND mark is subject to cancellation pursuant to 15 U.S.C. §§ 1064 and 1119.

### **PRAYER FOR RELIEF**

WHEREFORE, Verify prays for judgment against Defendant as follows:

1.     That Defendant be held liable for federal trademark infringement, unfair competition and false designation of origin, and cybersquatting in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d); trademark infringement and unfair competition under California common law; and unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.*;

2.     For preliminary and permanent injunctions enjoining Defendant, its agents, employees, representatives, partners, joint ventures, and/or anyone acting on behalf of, or in concert with Defendant from:

A.     operating the websites located at *www.verifycorporation.com*, *www.verifybrand.com*, and *www.verifyengage.com*, or any colorable imitation thereof, or any domain name that is likely to confuse, mislead, or deceive purchasers, Verify's customers, or members of the public, that goods and/or services

manufactured, distributed, advertised, sold and/or offered for sale on that website originate from Verify, or that such goods and/or services have been sponsored, approved, or licensed by or associated with Verify or are in some way connected to or affiliated with Verify;

B.     advertising, marketing or selling any products or services under the **VERIFY** mark, or any colorable imitation(s) of the **VERIFY**® mark, including any mark that incorporates the term "VERIFY" or any other phrase, term, or logo that is likely to cause confusion with Verify or its **VERIFY**® mark.

C.     using in commerce or facilitating the use in commerce of the **VERIFY** mark, or any other phrase, term, mark, trade name, logo or design that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, Verify's customers, or members of the public to believe that products and/or services advertised, marketed, sold and/or offered for sale by Defendant originate from Verify, or that such goods have been sponsored, approved, or licensed by or associated with Verify, or are in some way connected to or affiliated with Verify, including without limitation the following marks:  **VERIFY CORPORATION**, **VERIFY BRAND**, and **VERIFY ENGAGE**;

D.     doing or allowing any act or thing which is likely to injure Verify's business reputation or goodwill;

E.     engaging in any acts of federal, state or common law trademark infringement, false designation of origin, unfair competition, or cybersquatting that would damage or injure Verify; and

F.     participating or assisting in any of the above activities.

3.     For an order cancelling Defendant's federal trademark applications Serial Nos. 86/075,794 (VERIFY CORPORATION) and 86/075,785 (VERIFY ENGAGE), and federal Registration No. 4,130,552 (VERIFY BRAND) for the Infringing Mark;

4.      That Defendant and Defendant's officers, employees, agents, servants, attorneys, and representatives, and all other persons, firms or corporations in active concert or participation with them be required to transfer to Verify the registration for the domain names *verifycorporation.com*; *verifybrand.com*; and *verifyengage.com*, and any other domain name which incorporates the term "Verify."

5.      That Defendant, pursuant to 15 U.S.C. § 1116(a), be required to file with the Court and to serve on Verify within thirty (30) days after service of an injunction order as requested herein, a report in writing under oath setting forth in detail the manner and form in which she has complied with the Court's order.

6.      That an accounting be ordered of all of the profits realized by Defendant, or others acting in concert or participation with its, from Defendant's unauthorized use and infringement of the **VERIFY**® mark.

7.      That Defendant be required to account for and pay Verify all gains, profits, and advantages derived from its acts of infringement and other unlawful conduct, as alleged herein.

8.      That all gains, profits and advantages derived by Defendant from its acts of infringement and other unlawful conduct alleged herein be deemed to be in constructive trust for the benefit of Verify.

9.      That judgment be entered against Defendant for Verify's actual damages as a result of Defendant's acts of infringement and other unlawful conduct alleged herein, and for any additional profits attributable to Defendant's wrongful conduct, according to proof.

10.      That Defendant's unlawful conduct as alleged herein be deemed a willful violation of Verify's intellectual property rights.

11.      That the Court declare this an exceptional case.

12.      That Verify's actual damages be trebled pursuant to 15 U.S.C. § 1117(a).

1    13.    That Verify be awarded maximum statutory damages for violations of
2  the Anti-Cybersquatting provisions of the Lanham Act in an amount not less than
3  $100,000 for each act of cybersquatting pursuant to 15 U.S.C. § 1117(d).
4    14.    That Verify recover its reasonable attorneys' fees pursuant to 15 U.S.C.
5  § 1117(a).
6    15.    That Verify be awarded punitive and exemplary damages pursuant to
7  California common law.
8    16.    That Verify recover the costs of this suit.
9    17.    That Verify be granted pre-judgment and post-judgment interest on the
10 damages caused by Defendant.
11    18.    That Verify be granted such other and further relief as the Court deems
12 just and proper.
13
14
15 Dated:  March 11, 2015
16                          SHEPPARD, MULLIN, RICHTER & HAMPTON
17                          LLP
18
19                          By    /s/ Carlo F. Van den Bosch
20                                CARLO F. VAN DEN BOSCH
21                                Attorneys for Plaintiff
22                                VERIFY, INC.
23
24
25
26
27
28

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Verify hereby demands a jury trial on all issues triable as of right by a jury.

Dated:  March 11, 2015

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/ Carlo F. Van den Bosch_____
CARLO F. VAN DEN BOSCH

Attorneys for Plaintiff,
VERIFY, INC.

SMRH:436331798.1                                    COMPLAINT